```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 RAMON ALBERTO ANTIGUA,

                    Plaintiff,              MEMORANDUM & ORDER
                                             24-CV-3931 (EK)(MJ)

          -against-

 D.H.S./ICE,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

  Plaintiff Ramon Alberto Antigua asserts civil rights claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Complaint at 5, ECF No. 1. Proceeding *pro se*, Antigua alleges that he was improperly detained by the Department of Homeland Security between May 2022 and September 2023 in Batavia, New York. *Id.* at 6. He seeks $2.5 million in damages. *Id.*

  Civil actions are properly filed in "(1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district if located," or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

it could have been brought. 28 U.S.C. § 1406(a). Such transfer may be made upon motion or by a court *sua sponte*. *See Pinani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases).

Batavia is in the Western District of New York. *See* 28 U.S.C. § 112(d). The complaint alleges no factual content regarding events or omissions within this District. Accordingly, this action "could have been brought" in the Western District of New York but not here, as it stands.

The Clerk of Court is therefore directed to transfer this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 112(d), 1406(a). Decision on Antigua's application to proceed *in forma pauperis*, *see* ECF No. 2, is reserved for the transferee court. Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay before the Clerk shall transfer a case from this district, is waived. No summons shall issue from this court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the

```
```
---

purposes of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 10, 2024
         Brooklyn, New York